UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
MENACHEM M. RUBENFELD,

               Plaintiff,

    -against-

FEDERAL EXPRESS CORPORATION, JEAN PLANTIN and CHRISTSOULJAH, INC.,

               Defendants.
------------------------------------------------------- x

**MEMORANDUM & ORDER**
25-cv-03805 (DLI)(MMH)

**DORA L. IRIZARRY, United States District Judge:**

On June 25, 2025, Menachem M. Rubenfeld ("Plaintiff") filed a verified complaint in the Supreme Court of the State of New York, Kings County ("state court"), under Index No. 521064/2025, asserting a state law claim arising from a vehicular collision against the driver of the motor vehicle, Jean Plantin ("Plantin"), and Federal Express Corporation ("FedEx"). *See*, Compl., Dkt. Entry No. 1-1. On July 9, 2025, Plaintiff filed a verified amended complaint to add a third defendant, Christsouljah, Inc. ("Christsouljah"), who undisputedly owned the motor vehicle driven by Plantin. *See*, Am. Compl., Dkt. Entry No. 6-1 (bearing Kings County Clerk's filing header confirming the filing date and time); *See also*, Answers, Dkt. Entry Nos. 7, 8 & 9 (admitting Christsouljah's ownership of the vehicle). Thereafter, Plantin and FedEx (collectively, "Removing Defendants") jointly filed a notice of removal and asserted that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *See*, Notice of Removal ("Notice"), Dkt. Entry No. 1.[1]

---

[1] At the time of removal, neither Plantin nor Christsouljah had been served with process. While Plantin joined in the removal with FedEx, Christsouljah did not. Indeed, defense counsel did not identify Christsouljah in, or attach the amended complaint to, the Notice. The amended complaint was filed days later. Defense counsel attempted to explain this by stating that Plaintiff filed the amended complaint in state court "at or around the same time" the Notice was filed in federal court. July 16, 2025 Notice, Dkt. Entry No. 6. However, that assertion is belied by the record, which shows that defense counsel removed this action several minutes after the amended complaint was filed in state court.

On July 21, 2025, Plaintiff filed a motion to remand the action to state court for lack of complete diversity of citizenship between the parties. *See*, Motion to Remand ("Mot."), Dkt. Entry No. 12. In support, Plaintiff filed an affidavit swearing, among other things, that he solely has resided in what he considers his permanent residence, *i.e.*, a basement apartment located at 1497 President Street, Brooklyn, NY 11213 ("Brooklyn apartment"), from November 18, 2024 to the present, and has no intention of moving away from New York, where he is employed full time. *See generally*, Pl.'s Aff., Dkt. Entry No. 16. Removing Defendants and Christsouljah (collectively, "Defendants") opposed the motion. *See*, Opp'n Br., Dkt. Entry No. 17. While conceding that Plaintiff maintains a residence in New York, they argue that Plaintiff is not domiciled in this State for diversity purposes. *Id.* at 4. Plaintiff replied and argued that Defendants failed to meet their burden of proving that Plaintiff was not a citizen of New York when the action was filed. *See*, Reply Br., Dkt. Entry No. 18. For the reasons set forth below, Plaintiff's motion to remand is granted, and this case is remanded to state court for lack of subject matter jurisdiction.

## DISCUSSION

An action "filed in state court may be removed by a defendant to federal court only if the case originally could have been filed in federal court." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998) (citing 28 U.S.C. § 1441(a)). The party removing an action based on the Court's original diversity jurisdiction bears the burden of establishing that the requirements of diversity jurisdiction have been met. *See*, *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). Specifically, that party must establish that the matter: (1) "in controversy exceeds the sum or value of $75,000, exclusive of costs and interest"; and (2) "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments," the Second Circuit

2

has required federal district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (citation omitted).

The Court finds that it lacks subject matter jurisdiction over this action because Removing Defendants have failed to meet their burden of establishing that the matter is between citizens of different States. "The Supreme Court has interpreted 'citizens of different States' to grant jurisdiction only 'if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.'" *Id.* (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)). For diversity purposes, "a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)). An individual's citizenship "is determined by his domicile," which "is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citations omitted); *See also*, *Canedy v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) ("[A]llegations of residency alone cannot establish citizenship."). "At any given time, a [natural] person has but one domicile." *Palazzo*, 232 F.3d at 42 (citation omitted).

Here, the parties concede, and the Court finds, that Plantin and Christsouljah both are citizens of the State of New York and that FedEx is a citizen of the States of Delaware and Tennessee for diversity purposes. *See*, Notice ¶¶ 9-10 (alleging that Plantin is a citizen of New York and that FedEx is incorporated in Delaware and has its principal place of business in Tennessee); July 9, 2025 Disclosure Statement, Dkt. Entry No. 3 (same); Christsouljah's Answer ¶ 9, Dkt. Entry No. 9 (admitting that Christsouljah is incorporated and has its principal place of

3

business in New York); Aug. 6, 2025 Disclosure Statement, Dkt. Entry No. 15 (same). The only dispute pertains to Plaintiff's citizenship. *Compare*, Mot. at 2 (asserting that Plaintiff is a citizen of New York), *and* Aug. 5, 2025 Disclosure Statement, Dkt. Entry No. 13 (same), *with* Opp'n Br. at 4 (arguing that Plaintiff is not domiciled in New York despite having a "residence" there).

In support of his New York domicile claim, Plaintiff filed an affidavit swearing that: (1) he has "been primarily living in New York since 2021"; (2) the Brooklyn apartment has been his only residence since November 18, 2024; (3) he considers the Brooklyn apartment to be his permanent residence; (4) he has worked in Brooklyn as a full-time employee since November 25, 2024; (5) he has had no intention of moving away from New York since 2021; (6) he always has intended to return to New York when traveling out of state since 2021; and (7) the February 4, 2025 police report for the subject accident "lists [his] old address in Missouri because [he] did not yet update [his] driver's license to a New York State driver's license." Pl.'s Aff. ¶¶ 3-5, 7, 9-14. Plaintiff also submitted an offer letter from his current employer dated November 14, 2024, a 2024 Form W-2 Wage and Tax Statement for his current employment in Brooklyn, a partially signed agreement for a one-year lease of the Brooklyn apartment beginning on November 18, 2024, and utility invoices for the Brooklyn apartment for the November 2024 to July 2025 billing periods. *Id.* These facts support Plaintiff's assertion that New York is the state where he had "his true fixed home and principal establishment [at the time the complaint was filed], and to which, whenever he is absent, he has the intention of returning.'" *Palazzo*, 232 F.3d at 42 (citations omitted).

Moreover, these facts rebuff the only evidence put forth by Removing Defendants at the time of removal, *i.e.*, the police report, which identifies a Missouri address for Plaintiff. *See*, Ex. C to Notice, Dkt. Entry No. 1-3. As an initial matter, citizenship for diversity purposes is assessed at the time the complaint is filed, and the police report predates the filing of the complaint. *Grupo*

4

*Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004); *See also*, *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) ("For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed."). Moreover, at best, that report would show that Plaintiff has *a* residence in Missouri, and while "a party may have several places of residence, he or she may have only one domicile at a given time." *Patel v. Singh*, 2022 WL 875103, at *2 (E.D.N.Y. Mar. 23, 2022) (citations and internal quotation marks omitted); *See also*, *Chappelle v. Beacon Commc'ns Corp.*, 863 F. Supp. 179, 181 (S.D.N.Y. 1994) (stating that where "a party has maintained more than one residence, the court should focus on the party's intent"). Indeed, in response to an Order to Show Cause issued by the Honorable Marcia M. Henry, U.S. Magistrate Judge of this Court, Removing Defendants filed a medical report concerning the accident, which identifies the Brooklyn apartment (and not the Missouri address) as Plaintiff's address. *See*, July 14, 2025 Order to Show Cause (noting that the Notice "does not establish the requisite amount in controversy"); Feb. 3, 2025 Prehospital Care Report Summary, Ex. B to July 21, 2025 Letter, Dkt. Entry No. 11-2.

In opposition to the motion, Defendants argue that, in a July 8, 2025 email, Plaintiff's counsel confirmed that Plaintiff was not domiciled in New York when the action was filed. *See*, Opp'n Br. at 8; *See also*, Wernicke Decl., Dkt. Entry No. 17-1 (attaching pre-removal email stating that complete diversity would be lacking due to the anticipated addition of two parties domiciled in New York, including Christsouljah "along with the driver"). Defendants' argument is perplexing. The only reasonable inference from that email is that Plaintiff's counsel believed removal was unwarranted because Plaintiff shared a state of citizenship with a defendant. To the extent Defendants imply that Plaintiff sought to join parties improperly to avoid removal, that argument is baseless because those parties undisputably are relevant to the lawsuit, and the driver

5

of the vehicle, Plantin, is a New York citizen who already had been joined as a defendant before Plaintiff's counsel sent the email.

To meet their burden, Defendants also attempt to impeach Plaintiff's sworn statements. First, they claim that Plaintiff makes contradictory statements in his affidavit. *See*, Opp'n Br. at 9 (citing Pl.'s Aff. ¶¶ 3, 13). This argument lacks merit and borders on frivolous. *Compare*, Pl.'s Aff. ¶ 3 ("I have been primarily living in New York since 2021."), *with* Pl.'s Aff. ¶ 13 ("Since 2021, I have not ever had the intention of moving to any other state outside of New York."). Second, Defendants attack Plaintiff's sworn assertion that he has resided in the Brooklyn apartment since November 18, 2024, by noting inconsistencies in the lease documents provided to Defendants and the Court. *See*, Opp'n Br. at 9-10. While there are sufficient questions about those documents, Defendants already conceded that Plaintiff has a New York residence and, in any event, the record sufficiently shows that Plaintiff resides in Brooklyn.

Third, Defendants contend that Plaintiff's sworn statement that he failed to "update" his Missouri driver's license weakens his New York domicile claim. *See*, Opp'n Br. at 10. While New York law requires a New York domiciliary to exchange an out-of-state driver's license for a New York license *to lawfully operate* a motor vehicle or motorcycle in New York, the fact that Plaintiff has not exchanged his Missouri license does not mean he intends to return to Missouri. *See*, N.Y. VEH. & TRAF. L. §§ 250(2), 250(5) (McKinney 2025) (providing, however, that a New York resident holding a non-resident license may operate a motor vehicle in New York "[f]or a period not exceeding thirty days from the date he becomes a resident"). Defendants nonetheless doubled down on their assertion: they submit purported evidence from their own "independent

6

background investigation" into Plaintiff, which they failed to include with their opposition,[2] allegedly showing that Plaintiff has (or had): (1) a Missouri driver's license issued on September 5, 2024; and (2) "resided at or was connected to addresses in New York, New Jersey, and Missouri in 2024 and 2025." Wernicke Decl. ¶ 23. Even if the Court were to accept Defendants' representations concerning their internal investigation, they are unavailing. Leaving aside the fact that Defendants do not explain how Plaintiff is "connected" to other states, the fact that Plaintiff obtained a Missouri license on September 5, 2024, *i.e.*, before he moved to the Brooklyn apartment and began his full-time job in Brooklyn, is not inconsistent with his sworn statement that, at the time of the subject accident on February 3, 2025, he had not yet "updated" his license.

Finally, Defendants submitted an undated printout of what they represent to be Plaintiff's current registration to vote in Missouri. *See*, Wernicke Decl. ¶ 24; *See also*, Ex. H to Wernicke Decl., Dkt. Entry No. 17-9. While a voting registration is one factor that courts may consider in determining domicile, Defendants' submission is insufficient to enable the Court to assess whether this alleged "current" registration sufficiently rebuts Plaintiff's New York domicile claim. *See*, *Beck v. Metro. Bank Holding Corp.*, 2024 WL 2813233, at *6-7 (E.D.N.Y. June 3, 2024) (citations omitted) (identifying additional factors such as current residence, driver's license, places of business or employment, and taxes). Ultimately, even if the Court were to disregard Plaintiff's affidavit and evidentiary submissions, the burden of proving that Plaintiff was domiciled in Missouri, or in any state other than New York, on the date the complaint was filed rests with the

---

[2] While Defendants are prepared to submit the results of their background investigation for *in camera* review, their work product protection assertion is questionable given that, even if the protection were to apply, Defendants now have disclosed some of those results and put that information at issue. *See*, *Am. Oversight v. U.S. Dep't of Just.*, 45 F.4th 579, 593 (2d Cir. 2022) ("[W]hile waiver by disclosure can be made by transmitting the actual work-product document to a potential adversary, . . . it can also be made through statements describing the protected document with 'sufficient[ ] specific[ity].'" (citation omitted)); *N.Y. Times Co. v. U.S. Dep't of Just.*, 939 F.3d 479, 494 (2d Cir. 2019) ("A party waives the work product protection by taking actions inconsistent with this its purpose, such as disclosing work product to its adversary, . . . or by placing privileged documents 'at issue' in a litigation." (citations omitted)).

7

Removing Defendants. Considering the totality of the evidence, the Court finds that Defendants failed to overcome their burden and that complete diversity is lacking because Plaintiff, Plantin, and Christsouljah are New York citizens for diversity purposes.

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.[3] Accordingly, this case is remanded to New York State Supreme Court, Kings County, under Index No. 521064/2025.

SO ORDERED.

Dated: Brooklyn, New York
       November 17, 2025

/s/
DORA L. IRIZARRY
United States District Judge

---

[3] Having found that the parties are not completely diverse, the Court need not determine whether Removing Defendants have established that the matter in controversy meets the required monetary threshold.